## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART TITLE GUARANTY COMPANY,<br>*Plaintiff*<br><br>v.<br><br>STANTEC CONSULTING SERVICES, INC.<br>*Defendant* | CIVIL CASE NUMBER:<br><br>2:16-cv-05342-PD |

## ANSWER OF STANTEC CONSULTING SERVICES, INC. TO PLAINTIFF'S COMPLAINT WITH NEW MATTER

Defendant, Stantec Consulting Services, Inc. ("Stantec"), by and through its attorneys, hereby answers the Complaint and further asserts its New Matter as follows:

1. Denied. After reasonable investigation, Stantec is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, hence all said averments are denied with strict proof thereof is demanded at trial.

2. Denied. All of the allegations in this paragraph are denied as a conclusion of law. By way of further answer, Stantec Consulting Services, Inc. is a New York corporation with its principal place of business in Edmonton, Alberta, Canada. Although Stantec maintains an office in Philadelphia, Pennsylvania, that office is not Stantec's principal place of business.

3. Denied as stated. It s admitted only that Stantec provides certain professional services pursuant to agreements that it enters into from time to time. However, without specific details as to what "architectural and land surveying services" are being referenced in this paragraph, Stantec is without sufficient knowledge or information to form a belief as to the truth of those averments, hence all averments in this paragraph are denied and strict proof thereof is demanded at trial.

4. Denied. After reasonable investigation, Stantec is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, hence all said averments are denied with strict proof thereof is demanded at trial.

5. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. By way of further answer, it is admitted only that Stantec entered into a written agreement with Fortress Credit Corp. wherein Stantec agreed to provide certain services set forth in a written agreement between the parties. It is denied that the document attached to the complaint as Exhibit 1 is a complete copy of that agreement, in that the written agreement incorporates Stantec's standard Terms and Conditions. Stantec further denies any summarization or mischaracterization of the agreement in that the agreement is a writing that speaks for itself.

6. Denied. Stantec incorporates by reference its answer to paragraph 5 as if set forth fully at length herein.

7. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law.  Stantec incorporates by reference its answer to paragraph 5 as if set forth fully at length herein.

8. Denied. All of the allegations contained in this paragraph are denied as conclusions of law.

9. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. By way of further answer, Stantec denies any summarization or mischaracterization of the document attached to the complaint as Exhibit 2 in that the document is a writing that speaks for itself.

10. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. By way of further answer, Stantec

denies any summarization or mischaracterization of the document attached to the complaint as Exhibit 2 in that the document is a writing that speaks for itself.

11. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. By way of further answer, Stantec denies any summarization or mischaracterization of the document attached to the complaint as Exhibit 2 in that the document is a writing that speaks for itself.

12. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. By way of further answer, Stantec denies any summarization or mischaracterization of the document attached to the complaint as Exhibit 2 in that the document is a writing that speaks for itself.

13. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. By way of further answer, Stantec denies any summarization or mischaracterization of the document attached to the complaint as Exhibit 2 in that the document is a writing that speaks for itself.

14. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. Stantec incorporates by reference its answer to paragraph 5 as if set forth fully at length herein.

15. Denied. Without specific details as to what "field work" is being referenced in this paragraph, Stantec is without sufficient knowledge or information to form a belief as to the truth of those averments, hence all averments in this paragraph are denied and strict proof thereof is demanded at trial.

16. Denied as stated. It is admitted only that Charles Karat signed and sealed a plan in connection with the subject property. However, because the plan attached to the complaint as Exhibit 3 is not legible, Stantec is without sufficient knowledge or information to form a belief

as to the truth of the remaining averments in this paragraph, hence all said averments are denied with strict proof thereof is demanded at trial. By way of further answer, Stantec denies any summarization or mischaracterization of the document attached to the complaint as Exhibit 3, or any plan signed and sealed by Mr. Karat, in that those documents are writings that speak for themselves.

17. Denied. Stantec incorporates by reference its answer to paragraph 16 as if set forth fully at length herein.

18. Denied. Stantec incorporates by reference its answer to paragraph 16 as if set forth fully at length herein.

19. Denied. Stantec incorporates by reference its answer to paragraph 16 as if set forth fully at length herein.

20. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. By way of further answer, Stantec denies any summarization or mischaracterization of the document attached to the complaint as Exhibit 2 in that the document is a writing that speaks for itself. As for the remaining allegations in this paragraph, Stantec is without sufficient knowledge or information to form a belief as to the truth of those averments, hence all averments in this paragraph are denied and strict proof thereof is demanded at trial.

21. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. To the extent that an answer is required, Stantec is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, hence all averments in this paragraph are denied and strict proof thereof is demanded at trial.

22. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. By way of further answer, Stantec denies any summarization or mischaracterization of the documents attached to the complaint as Exhibit 4 in that the documents are writings that speak for themselves.

23. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. By way of further answer, Stantec denies any summarization or mischaracterization of the documents attached to the complaint as Exhibit 4 in that the documents are writings that speak for themselves.

24. Denied as stated. It is admitted only that Stantec performed certain survey services at or around a property located at 500-506 Walnut Street, Philadelphia, including the preparation of a topographic survey plan. Stantec denies any summarization or mischaracterization of that plan in that the plan is a writing that speaks for itself. By way of further answer, without specific information as to what alleged "field survey" is being referenced in this paragraph, Stantec is without sufficient information to form a belief as to any of those allegations, hence all allegations in this paragraph are denied and strict proof thereof is hereby demanded at trial.

25. Denied as stated. It is admitted only that Stantec performed certain survey services at a property located at or around a property located at 500-506 Walnut Street, Philadelphia, including the preparation of a topographic survey plan. Stantec denies any summarization or mischaracterization of that plan in that the plan is a writing that speaks for itself. By way of further answer, without specific information as to what alleged "field survey" is being referenced in this paragraph, Stantec is without sufficient information to form a belief as to any of those allegations, hence all allegations in this paragraph are denied and strict proof thereof is hereby demanded at trial.

26. Denied as stated. It is admitted only that Stantec performed certain survey services at a property located at or around a property located at 500-506 Walnut Street, Philadelphia, including the preparation of a topographic survey plan. Stantec denies any summarization or mischaracterization of that plan in that the plan is a writing that speaks for itself. By way of further answer, without specific information as to what alleged "field survey" is being referenced in this paragraph, Stantec is without sufficient information to form a belief as to any of those allegations, hence all allegations in this paragraph are denied and strict proof thereof is hereby demanded at trial.

27. Denied as stated and denied as a conclusion of law. The allegations in paragraph are denied as conclusions of law to which no response is required. By way of further answer, without specific information as to what alleged "field work" is being referenced in this paragraph, Stantec is without sufficient information to form a belief as to any of those allegations, hence all allegations in this paragraph are denied and strict proof thereof is hereby demanded at trial.

28. Denied as stated. Stantec denies any summarization or mischaracterization of the plan referenced in this paragraph in that the plan is a writing that speaks for itself.

29. Denied. After reasonable investigation, Stantec is without sufficient information to form a belief as to the allegations in this paragraph, hence all such allegations are denied and strict proof thereof is hereby demanded at trial.

30. Denied. After reasonable investigation, Stantec is without sufficient information to form a belief as to the allegations in this paragraph, hence all such allegations are denied and strict proof thereof is hereby demanded at trial. To the extent that Plaintiff is referencing the document attached to the complaint as Exhibit 6, Stantec denies any

summarization or mischaracterization of that document in that the document is a writing that speaks for itself.

31. Denied. After reasonable investigation, Stantec is without sufficient information to form a belief as to the allegations in this paragraph, hence all such allegations are denied and strict proof thereof is hereby demanded at trial. Stantec denies any summarization or mischaracterization of the document attached to the complaint as Exhibit 6 in that the document is a writing that speaks for itself.

32. Denied. After reasonable investigation, Stantec is without sufficient information to form a belief as to the allegations in this paragraph, hence all such allegations are denied and strict proof thereof is hereby demanded at trial.

33. Denied. After reasonable investigation, Stantec is without sufficient information to form a belief as to the allegations in this paragraph, hence all such allegations are denied and strict proof thereof is hereby demanded at trial. To the extent that Plaintiff is referencing the plan attached to the complaint as Exhibit 7, Stantec denies any summarization or mischaracterization of that plan 7 in that the plan is a writing that speaks for itself.

34. Denied. After reasonable investigation, Stantec is without sufficient information to form a belief as to the allegations in this paragraph, hence all such allegations are denied and strict proof thereof is hereby demanded at trial. Stantec denies any summarization or mischaracterization of the document attached to the complaint as Exhibit 7 in that the document is a writing that speaks for itself.

35. Denied as stated and denied as a conclusion of law. The allegations in paragraph are denied as conclusions of law to which no response is required. By way of further answer, Stantec denies any summarization or mischaracterization of the documents attached to the complaint as exhibits in that the documents are writings that speak for themselves.

36. Denied. The allegations in paragraph are denied as conclusions of law to which no response is required. To the extent that an answer is required, after reasonable investigation, Stantec is without sufficient information to form a belief as to the allegations in this paragraph, hence all such allegations are denied and strict proof thereof is hereby demanded at trial.

37. Denied as stated and denied as a conclusion of law. The allegations in paragraph are denied as conclusions of law to which no response is required. By way of further answer, Stantec denies any summarization or mischaracterization of the plan referenced in this paragraph in that the plan is a writing that speaks for itself.

38. Denied as stated and denied as a conclusion of law. The allegations in paragraph are denied as conclusions of law to which no response is required. To the extent that Plaintiff seeks to summarize or mischaracterize any survey plans prepared by Stantec, those allegations are denied in that any such the plan is a writing that speaks for itself. By way of further answer, without specific information as to what alleged "certifications" are being referenced in this paragraph, Stantec is without sufficient information to form a belief as to any of those allegations, hence all allegations in this paragraph are denied and strict proof thereof is hereby demanded at trial.

39. Denied as stated and denied as a conclusion of law. The allegations in paragraph are denied as conclusions of law to which no response is required. By way of further answer, without specific information as to what alleged "building encroachments" are being referenced in this paragraph, Stantec is without sufficient information to form a belief as to any of those allegations, hence all allegations in this paragraph are denied and strict proof thereof is hereby demanded at trial.

40. Denied as stated and denied as a conclusion of law. The allegations in paragraph are denied as conclusions of law to which no response is required. By way of further answer, without specific information as to what alleged "building encroachments" are being referenced in this paragraph, Stantec is without sufficient information to form a belief as to any of those allegations, hence all allegations in this paragraph are denied and strict proof thereof is hereby demanded at trial.

41. Denied as stated. It is admitted only that an attorney that represents Stewart Title Guaranty Company mailed Stantec the letter marked as Exhibit 8. Stantec denies any summarization or mischaracterization of that letter in that the letter is a writing that speaks for itself.

42. Denied. Stantec incorporates by reference its answer to paragraph 41 as if set forth fully at length herein.

43. Denied as stated and denied as a conclusion of law. All allegations that Plaintiff is entitled to recover the alleged loss from Stantec is denied as a conclusion of law. By way of further answer, it is admitted only Stantec has repeatedly requested information regarding Plaintiff's claim. Because Plaintiff has failed to provide that information, including any proof of loss, Stantec has not paid Plaintiff the amount demanded.

44. Denied.   The allegations in paragraph are denied as conclusions of law to which no response is required.

## COUNT I – ALLEGED BREACH OF CONTRACT

45. Stantec incorporates its answers to the preceding paragraphs as if set forth fully at length herein.

46. Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. By way of further answer, it is

admitted only that Stantec entered into a written agreement with Fortress Credit Corp. wherein Stantec agreed to provide certain services set forth in a written agreement between the parties. Stantec denies any summarization or mischaracterization of the agreement in that the agreement is a writing that speaks for itself. Stantec incorporates its answer to paragraph 5 as if set forth fully at length herein.

47. Denied. All of the allegations contained in this paragraph are denied as conclusions of law. Stantec incorporates by reference its answer to paragraph 46 as if set forth fully at length herein.

48. Denied. All of the allegations contained in this paragraph are denied as conclusions of law. Stantec incorporates by reference its answer to paragraph 46 as if set forth fully at length herein.

49. Denied. All of the allegations contained in this paragraph are denied as conclusions of law. Stantec incorporates by reference its answer to paragraph 46 as if set forth fully at length herein.

50. Denied. All of the allegations contained in this paragraph are denied as conclusions of law. Stantec incorporates by reference its answer to paragraph 46 as if set forth fully at length herein

51. Denied. All of the allegations contained in this paragraph are denied as conclusions of law. Stantec incorporates by reference its answer to paragraph 46 as if set forth fully at length herein.

52. Denied. All of the allegations contained in this paragraph are denied as conclusions of law. Stantec incorporates by reference its answer to paragraphs 28, 37 and 46 as if set forth fully at length herein.

53.	Denied.	The allegations in paragraph are denied as conclusions of law to which no response is required.

54.	Denied.	The allegations in paragraph are denied as conclusions of law to which no response is required.

55.	Denied.	The allegations in paragraph are denied as conclusions of law to which no response is required.

**WHEREFORE,** Defendant, Stantec Consulting Services, Inc. respectfully requests that judgment be entered in its favor and against Plaintiff, and that defendant be awarded costs and such other relief as this Honorable Court deems just and appropriate under the circumstances.

## COUNT II – ALLEGED BREACH OF CONTRACT

56.	Stantec incorporates its answers to the preceding paragraphs as if set forth fully at length herein.

57.	Denied.

58.	Denied as stated and denied as a conclusion of law. All of the allegations contained in this paragraph are denied as conclusions of law. By way of further answer, By way of further answer, Stantec denies any summarization or mischaracterization of the document attached to the complaint as Exhibit 3, or any plan signed and sealed by Mr. Karat, in that those documents are writings that speak for themselves.

59.	Denied.	The allegations in paragraph are denied as conclusions of law to which no response is required.

60.	Denied.	The allegations in paragraph are denied as conclusions of law to which no response is required. Stantec incorporates by reference its answer to paragraph 58 as if set forth fully at length herein.

61. Denied. The allegations in paragraph are denied as conclusions of law to which no response is required.

62. Denied. The allegations in paragraph are denied as conclusions of law to which no response is required.

**WHEREFORE,** Defendant, Stantec Consulting Services, Inc. respectfully requests that judgment be entered in its favor and against Plaintiff, and that defendant be awarded costs and such other relief as this Honorable Court deems just and appropriate under the circumstances.

### COUNT III – ALLEGED CONTRACTUAL SUBROGATION

63. Stantec incorporates its answers to the preceding paragraphs as if set forth fully at length herein.

64. Denied. The allegations in paragraph are denied as conclusions of law to which no response is required.

65. Denied. The allegations in paragraph are denied as conclusions of law to which no response is required

66. Denied. The allegations in paragraph are denied as conclusions of law to which no response is required.

**WHEREFORE,** Defendant, Stantec Consulting Services, Inc. respectfully requests that judgment be entered in its favor and against Plaintiff, and that defendant be awarded costs and such other relief as this Honorable Court deems just and appropriate under the circumstances.

### COUNT IV – ALLEGED COMMON LAW SUBROGATION

67. Stantec incorporates its answers to the preceding paragraphs as if set forth fully at length herein.

68. Denied. The allegations in paragraph are denied as conclusions of law to which no response is required.

**WHEREFORE,** Defendant, Stantec Consulting Services, Inc. respectfully requests that judgment be entered in its favor and against Plaintiff, and that defendant be awarded costs and such other relief as this Honorable Court deems just and appropriate under the circumstances.

### COUNT V – ALLEGED NEGLIGENCE

69. Stantec incorporates its answers to the preceding paragraphs as if set forth fully at length herein.

70. Denied as stated and denied as a conclusion of law. Plaintiff's allegations as to the applicable standard of care are denied as a conclusion of law to which no response is required. By way of further answer, without specific information as to what "general standards" and "codes" are being referenced in this paragraph, Stantec is without sufficient information to form a belief as to any of those allegations, hence all allegations in this paragraph are denied and strict proof thereof is hereby demanded at trial.

71. Denied as stated and denied as a conclusion of law. Plaintiff's allegations as to the applicable standard of care are denied as a conclusion of law to which no response is required. By way of further answer, without specific information as to what "general standards" are being referenced in this paragraph, Stantec is without sufficient information to form a belief as to any of those allegations, hence all allegations in this paragraph are denied and strict proof thereof is hereby demanded at trial.

72. Denied. Plaintiff's allegations as to the applicable standard of care are denied as a conclusion of law to which no response is required.

73. Denied as stated and denied as a conclusion of law. Plaintiff's allegations as to the applicable standard of care are denied as a conclusion of law to which no response is required. By way of further answer, without specific information as to what "general standards" are being referenced in this paragraph, Stantec is without sufficient information to form a belief as to any

of those allegations, hence all allegations in this paragraph are denied and strict proof thereof is hereby demanded at trial.

74. Denied. The allegations in paragraph are denied as conclusions of law to which no response is required.

75. Denied. The allegations in paragraph are denied as conclusions of law to which no response is required.

**WHEREFORE,** Defendant, Stantec Consulting Services, Inc. respectfully requests that judgment be entered in its favor and against Plaintiff, and that defendant be awarded costs and such other relief as this Honorable Court deems just and appropriate under the circumstances.

### COUNT VI – ALLEGED NEGLIGENT MISREPRESENTATION

76. Stantec incorporates its answers to the preceding paragraphs as if set forth fully at length herein.

77. Denied. The allegations in paragraph are denied as conclusions of law to which no response is required.

78. The allegations in paragraph are denied as conclusions of law to which no response is required. Stantec incorporates by reference its answer to paragraph 58 as if set forth fully at length herein.

79. The allegations in paragraph are denied as conclusions of law to which no response is required.

80. The allegations in paragraph are denied as conclusions of law to which no response is required.

81. The allegations in paragraph are denied as conclusions of law to which no response is required.

**WHEREFORE,** Defendant, Stantec Consulting Services, Inc. respectfully requests that judgment be entered in its favor and against Plaintiff, and that defendant be awarded costs and such other relief as this Honorable Court deems just and appropriate under the circumstances.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against answering defendant may be barred and/or limited by the applicable statute of limitations and/or barred and/or limited by the applicable statute of repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against the answering defendant may be barred and/or limited by the doctrines of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by plaintiff were the result of errors, acts or omissions by parties other than the answering defendants, over whom answering defendant has or had no control or right of control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorneys' fees and costs.

### SIXTH AFFIRMATIVE DEFENSE

Answering defendant acted at all relevant times in a proper and appropriate manner and with the requisite degree of skill and care.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, and/or reduced by the failure to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Answering defendant exercised the necessary professional skill and judgment.

**NINTH AFFIRMATIVE DEFENSE**

Answering defendant's alleged actions are not causally related to the damages allegedly sustained by plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

All activities of the answering defendant were conducted in a proper and appropriate manner, and answering defendant denies that its conduct, through act or omission, caused harm to the plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or reduced by virtue of any releases or settlements that have been or will be agreed to or executed.

**TWELFTH AFFIRMATIVE DEFENSE**

Answering defendant breached no duty owed to plaintiff, contractual or otherwise.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any judgment and/or verdict obtained by plaintiff must be reduced or offset by any collateral benefits obtained by plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff may lack standing to bring some or all of the claims raised in this action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages were the result of intervening or superseding events, factors, occurrences or conditions which were not caused by answering defendant and for which answering defendant is not responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

## NINETEENTH AFFIRMATIVE DEFENSE

By settling with other parties, Plaintiff acted as a volunteer. As such, Plaintiff is not entitled to recovery.

## TWENTIETH AFFIRMATIVE DEFENSE

Some or all of the claims against answering defendant are barred and/or limited based upon a lack of privity of contract or by the terms of answering defendant's contract, including, but not limited to the Terms and Conditions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by collateral and/or judicial estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred or limited by the terms of its policies issued to its insureds.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, as plaintiff has failed to exhaust all conditions precedent or remedies available under its contract with the Owner.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff, as the purported subrogee of the insured, stands in the shoes of its insureds and is subject to all defenses which apply to its insureds.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Answering defendant incorporates all defenses to liability and damages available to it in plaintiff's contract with the Owner and any other contracts, including but not limited to the Cross Easement Agreement.

## TWENTY-SIXTH SEPARATE DEFENSE

Answering Defendant reserves the right to assert further Separate Defenses as discovery progresses.

                                              Respectfully submitted,
                                              **POWELL, TRACHTMAN, LOGAN,**
                                              **CARRLE & LOMBARDO, P.C.**

                                   By:    */s/ Frederick M. Brehm*
                                                Frederick M. Brehm, Esquire
                                                Attorney ID No. 78376
                                                475 Allendale Road
                                                King of Prussia, PA  19406
                                                610-354-9700 / 610-354-9760 (F)
                                                fbrehm@powelltrachtman.com
                                                Attorneys for Defendant
                                                Stantec Consulting Services, Inc.

Date:   10/27/2016

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| STEWART TITLE GUARANTY COMPANY, *Plaintiff* <br><br> v. <br><br> STANTEC CONSULTING SERVICES, INC. *Defendant* | CIVIL CASE NUMBER: <br><br> 2:16-cv-05342-PD |
|---|---|

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Stantec Consulting Services, Inc.'s Answer to Plaintiff's Complaint was forwarded via electronic mail to all counsel of record on the date listed below.

Michael P. Coughlin, Esquire
Daniel R. Utain, Esquire
Kaplin Stewart Meloff Reiter & Stein, P.C.
910 Harvest Drive
Union Meeting Corporate Center
P.O. Box 3037
Blue Bell, PA 19422

Respectfully submitted,
**POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**

By: */s/ Frederick M. Brehm*
Frederick M. Brehm, Esquire
Attorney for Defendant
Stantec Consulting Services, Inc.

Date: 10/27/2016